Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com

Kevin P. McCulloch (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
Kevin@McCullochIPLaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM ERICKSON; ERICKSON PRODUCTIONS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> TORNIER, INC.; RALEIGH ORTHOPAEDIC CLINIC; O'MARA MEDICAL SUPPLIES LTD; VINCENT C. MARINO, DPM, INC.; and JOHN DOES 1-10, <br><br> *Defendants*. | Civil Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs Jim Erickson ("Erickson") and Erickson Productions, Inc. ("Erickson Productions") (together "Plaintiffs"), by and through undersigned counsel, hereby demand a trial by jury of all claims and issues so triable, and, as and for their Complaint for copyright infringement against Defendants Tornier, Inc. ("Tornier"); Raleigh Orthopaedic Clinic

("ROC"); O'Mara Medical Supplies Ltd ("O'Mara"); Vincent C. Marino, DPM, Inc. ("Marino"); and John Does 1-10 ("John Doe Defendants") (collectively "Defendants"), hereby assert and allege as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement against Defendants for unauthorized and infringing uses of Plaintiffs' copyrighted photographs.

2. Plaintiffs seek damages and other relief related to Defendants' knowing and willful infringements of Plaintiffs' copyrights in the original photographic works identified in Exhibit 1 that are the subject of this action.

## PARTIES

2. Plaintiff Jim Erickson is a professional photographer who makes his living by taking and licensing photographs.

3. Plaintiff Erickson Productions, Inc., a California corporation, is the sole distributor and exclusive licensor of Jim Erickson's photographic images.

4. Plaintiff Erickson created and owns the copyrights to the photographic works at issue in this action.

5. Erickson Productions' primary place of business is Petaluma, California.

6. Defendant Tornier is an international medical device corporation with its U.S. headquarters located in Bloomington, Minnesota.

7. Upon information and belief, Defendant ROC is a professional corporation with its registered office located in Raleigh, North Carolina.

8. ROC owns or operates the website https://www.raleighortho.com.

9. Upon information and belief, Defendant O'Mara is a professional company that distributes medical devices, including Tornier brand equipment.

10. O'Mara owns or operates the website http://omaramedical.com.

PLAINTIFFS' COMPLAINT                    - 2 -

11. Under information and belief, Defendant Marino owns and/or operates a medical office specializing in podiatry in San Francisco, CA.

12. Marino owns or operates the website http://www.drvincentcmarino.com.

13. The John Doe Defendants are as-of-yet unidentified Tornier customers and distributors to whom Tornier provided copies of Plaintiffs' photos and/or Tonrier brochures and other advertising materials that included unlicensed copies of Plaintiffs' works.

## JURISDICTION AND VENUE

14. Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Northern District of California pursuant to the Copyright Act of 1976, 17 U.S.C. §§101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

15. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendants may be found in this District.

16. This Court has personal jurisdiction over Defendants.

17. Defendant Tornier licensed Plaintiffs' photos through Erickson Productions' website.

18. Erickson Productions' website expressly indicates that Erickson Productions is located exclusively in California and each Defendant was aware of that fact at the time that it began using Plaintiffs' photos.

19. Erickson Productions' website includes terms and conditions ("Terms & Conditions") that provide that any disputes arising out of the use of the website or any licenses issued by Erickson Productions would be subject to the laws of the State of California and that any

PLAINTIFFS' COMPLAINT - 3 -

party using photos licensed from Erickson Productions consents to personal jurisdiction in California for purposes of any disputes related to the license or the use of Plaintiffs' photos.

20. Erickson Productions' Terms & Conditions are prominently displayed on the website, including at the time that each Defendant began using Plaintiffs' photos.

21. A copy of Erickson Productions' Terms & Conditions accompanied and controlled the licenses at issue here.

22. By using photos obtained from Erickson Productions on their behalf, each Defendant agreed to be bound by Erickson Productions' Terms & Conditions and thus consented to jurisdiction in this forum.

23. A true and correct copy of Erickson Productions' Terms & Conditions is attached hereto as Exhibit 2.

24. Defendants' published Plaintiffs' photos on their respective websites, which they use to solicit business from customers and investors around the world, including California.

25. Defendants infringed Plaintiffs' copyrights in California, including by publishing and displaying Plaintiffs' photos on Defendants' websites that were published and consumed in California; directing marketing materials to customers and potential customers in California; and otherwise using Plaintiffs' copyrighted works in publications directed to residents of California.

**FACTUAL ALLEGATIONS**

26. Jim Erickson is a professional photographer who makes his living by taking and licensing photographs.

27. Erickson licenses his works exclusively through his company, Erickson Productions, Inc.

28. Attached hereto as Exhibit 1 is a chart identifying Plaintiffs' copyrighted photographs at issue in this action and the Defendants' infringing uses of each photo that are currently known to Plaintiffs.

29. Defendant Tornier obtained a copy of Plaintiffs' photos identified in Exhibit 1 from an advertising and branding agency called Hue Brand Group ("Hue").

30. In or about June 2008, Plaintiffs issued to Hue, acting on behalf of Tornier and as its agent, a limited license to use five (5) photos for "1 time use only" in an "internal company promo booklet" only and terminated on July 30, 2008. Erickson's Terms & Conditions accompanied and governed the license.

31. In or about June 2007, Plaintiff issued to Hue, again acting on behalf of Tornier and as its agent, a limited license to use Erickson photo 14154 for use "on the secondary page of a website" and "in a print ad," both for up to one year. Again, the license was limited to Tornier and expired after one year, on or about June 6, 2007. Erickson's Terms & Conditions also accompanied and governed this license.

32. Despite the express restrictions of its licenses, Defendant Tornier continued to use Plaintiffs' photos beyond the expiration of those licenses and used the photos in ways not permitted under the limited rights granted to Tornier.

33. Tornier also violated its license and infringed Plaintiffs' copyrights by providing copies of Plaintiffs' photos without permission to third parties with which it does business, including but not limited to Defendants ROC, O'Mara, Marino, and the John Doe Defendants.

34. Attached hereto as Exhibit 3 is a true and correct copy of screen captures of Defendant ROC's website demonstrating the unlicensed use of Plaintiffs' photos identified as Image ID 03021-58 (Erickson Photo ID 6418) and Image ID 06005-295 (Erickson Photo ID 9078).

35. Attached hereto as Exhibit 4 is a true and correct copy of screen captures of Defendant O'Mara's website demonstrating the unlicensed use of Plaintiffs' photo identified as Image ID 03021-58 (Erickson Photo ID 6418).

36. Attached hereto as Exhibit 5 is a true and correct copy of screen captures of Defendant Marino's website demonstrating the unlicensed use of Plaintiffs' photo identified as Erickson photo 14154.

37. Upon information and belief, Tornier distributed copies of Plaintiffs' photos to additional yet-to-be-identified parties without permission, referred to herein as the John Doe Defendants.

38. Information regarding the identity of these additional John Doe third parties to which Tornier provided copies of Plaintiffs' photos remains in Tornier's sole and exclusive possession. A reasonable opportunity for further investigation and discovery is necessary to identify the additional parties involved in Tornier's infringements.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

39. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

40. Plaintiff Jim Erickson is the author and registered copyright owner of the creative works identified herein and that are the subject of this action.

41. Plaintiffs' copyrights in all photographs at issue in this action were registered with the United States Copyright Office.

42. The conduct by Defendants alleged herein constitutes multiple violations of Plaintiffs' exclusive copyrights in the photos at issue, in violation of the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

43. Defendant Tornier exceeded the scope of an express license by continuing to use Plaintiffs' photographs beyond the permitted usage period and using the photos in ways not permitted under the license, including by using the photos in non-internal publications and providing copies of Plaintiffs' photos to third parties without permission.

44. Defendant ROC published and displayed Plaintiffs' photos without permission on its website.

45. Defendant OMMS published and displayed Plaintiffs' photo without permission on its website.

46. Defendant Marino published and displayed Plaintiffs' photo without permission on its website.

47. Defendants' infringements were willful, knowing, and intentional.

48. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiffs' copyrighted creative works, Defendants infringed Plaintiffs' copyrights in the creative works identified herein and caused Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

49. Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiffs' copyrighted works.

50. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

## COUNT II
### CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT TORNIER

51. Plaintiffs repeat and re-allege each allegation set forth above as if set forth fully herein.

52. The conduct by Defendant Tornier alleged herein constitutes contributory and/or vicarious copyright infringement.

53. Through its actions, Defendant Tornier materially contributed to, facilitated, induced, or otherwise is responsible for the directly infringing acts carried out by the other defendants and yet-to-be-ascertained third parties.

54. Defendant Tornier had the ability to prevent the other defendants (and any other third parties) from copying and publishing Plaintiffs' photos by not distributing such copies to third parties.

55. Defendant Tornier received a material financial benefit from the, unlicensed use of Plaintiffs' photos by the other Defendants, all of whom are Tornier distributors, including through the promotion of Tornier's brand and sale of its products and avoiding paying for the license fees that would be necessary to permit such uses by distributors.

56. Defendant Tornier encouraged, induced, and facilitated Defendants ROC, O'Mara, and Marino's infringing use of Plaintiffs' photo, along with the additional unlicensed uses of Plaintiffs' photos by John Does 1-10, as alleged herein.

57. The conduct by Tornier was knowing and willful.

58. Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiffs' copyrighted works.

59. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted works identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiffs' photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue and Defendants' profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiffs' full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated:   August 3, 2016

Respectfully submitted,

By: _____
Kevin P. McCulloch (to be admitted *pro hac vice*)
The McCulloch Law Firm, PLLC
155 East 56th Street
New York, New York 10022
T: (212) 355-6050
F: (206) 219-6358
Kevin@McCullochIPLaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
8749 Holloway Drive
West Hollywood, CA 90069
Tel: (310) 351-7332
Fax: (310) 652-1501
delahuntlaw@gmail.com